McCAIN et al. v. CITY OF DES MOINES et al.

(Circuit Court, S. D. Iowa, C. D. January 11, 1898.)

No. 2,355.

1. FEDERAL COURTS—JURISDICTION—FEDERAL QUESTIONS.

A suit by property owners to enjoin city officials from exercising any jurisdiction over annexed territory, on the ground that the statute extending the corporate limits is void under the state constitution, cannot be maintained in a federal court, on the theory that the assessment of taxes, etc., by the city, being without warrant of any valid law, will be a taking of property without due process of law, and a denial of the equal protection of the laws. The real issue in such case is whether the statute enlarging the corporate limits is invalid under the state constitution, and no federal question is involved.

2. CONSTITUTIONAL LAW—FEDERAL JURISDICTION—DECISIONS OF STATE BINDING UPON FEDERAL COURTS.

The determination of a question involving the construction of a state constitution by the highest court of a state is absolutely binding upon the courts of the United States, where no question affecting the constitution of the United States is involved. State v. City of Des Moines (Iowa) 65 N. W. 818, approved.

This was a suit in equity by Walter M. McCain and others against the city of Des Moines and its officials to enjoin them from exercising any jurisdiction over certain territory included in the recently extended limits of the city. The cause was heard on motion for a preliminary injunction and demurrer to the amended bill.

Wishard & Clark, for complainants.

N. T. Guernsey, for defendants.

SHIRAS, District Judge. In the year 1890 the general assembly of the state of Iowa passed an act entitled "An act to extend the limits of cities and for other purposes incident thereto" (Laws 1890, p. 3), which by its terms was limited to cities which by the census of 1885 were shown to have a population of 30,000 or more. Acting under the provision of this act, the city of Des Moines exercised corporate jurisdiction over the territory which had formerly been included within the limits of the incorporated town of Greenwood Park; and the board of public works of the city entered into contracts with third parties for the paving of streets extending through the town of Greenwood, and the city also refunded its public debt by the issuance of bonds under the provisions of an act of the state legislature approved March 25, 1890. In March, 1894, there was brought in the district court of Polk county, Iowa, a proceeding by quo warranto, in the name of the state of Iowa, ex rel. A. G. West, against the city of Des Moines, in which it was claimed that the act of the general assembly extending the city limits was in its nature special legislation, and therefore void under the provisions of the state constitution, which forbid the enactment of special laws for the incorporation of towns and cities, and a judgment of ouster was prayed against the city of Des Moines for the purpose of preventing it from further exercising governmental authority over the territory added to the city under the act of March,

1890. The case was carried to the supreme court of the state, wherein it was held that the legislative act was clearly unconstitutional, because its terms were such that it could only apply to the city of Des Moines; and it was therefore, in effect, the same as though that city had been named in the act as the corporation intended to be affected thereby, and hence the act was special in its nature, and therefore within the constitutional inhibition. The court further held, however, that the delay in instituting proceedings, coupled with the fact that many and large interests had become involved and would be affected by a judgment of ouster, constituted ground for estopping the attack upon the legality of the extension of the city limits, and the decree of ouster was refused. State v. City of Des Moines (Iowa) 65 N. W. 818.

In October, 1897, the present proceedings were commenced by the complainants, who are residents and property owners within the territory formerly constituting the town of Greenwood, and now within the limits of the city of Des Moines, as defined in the act of the legislature; the defendants named in the bill being the city of Des Moines, the members of the board of public works of the city, the Des Moines Brick Manufacturing Company, and the incorporated town of Greenwood Park. The bill recites the facts upon which it is claimed that the legislative act is unconstitutional; avers that the former authorities of the town of Greenwood Park have ceased to act; that the city of Des Moines is exercising jurisdiction over the territory of Greenwood Park, and, through its board of public works, has contracted for a large amount of paving to be done in the streets extending through the added territory; that, for the cost thereof, the city will assess and levy heavy taxes upon the property of complainants; that the city will continue to exercise municipal authority over such territory, and will subject the property and the property owners therein to heavy taxes to pay the refunded city debt; that thereby the property of complainants will be taken without due process of law, and in violation of the provisions of the federal constitution, wherefore it is prayed that this court will perpetually enjoin the city of Des Moines and its board of public works from exercising over the territory of Greenwood Park any function of municipal government, or authority or jurisdiction for the purpose of taxation, or for the work of internal improvement therein, or from levying any taxes, special or general, upon the property within said town, or from interfering with the officers of said incorporated town of Greenwood Park in the administration of its municipal affairs; that the incorporated town of Greenwood Park be authorized and enjoined to exercise, for its own future benefit, all functions of municipal government, taxation, and the carrying on of works of internal improvement included, and said town be authorized to prosecute its ancillary bill against the city of Des Moines for settlement of the matters averred in the bill.

The bill on its face shows that the several parties named as complainants and defendants are all citizens of Iowa or corporations created under the laws of that state, and hence jurisdiction in this

court cannot be assumed on the ground of diverse citizenship. In support of the federal jurisdiction it is averred in the bill that the controversy is one arising under the laws and constitution of the United States; that the acts of the city are such that they deprive complainants of their property without due process of law, and deny them the equal protection of law, and take the property of complainants without due compensation, all of which is alleged to be in contravention of the federal constitution. The averments to the effect that the controversy is one arising under the federal constitution or laws, or that the parties are denied due process of law, and the like, are merely conclusions of law; and the court must look to the facts averred in the bill to see whether they support the conclusions sought to be based thereon; for, unless the facts averred show a ground of jurisdiction, it will not be inferred from mere averments of legal conclusions.

Do the facts averred show that the controversy between the parties is based upon any provision of the federal constitution or laws, so that it can be said that the case is one arising under the same? The real gist of the controversy is the question whether the corporate limits of the city of Des Moines have been in fact extended over the territory formerly constituting the town of Greenwood Park, so that the city, through the proper authorities, can lawfully control the extension and paving of the streets in that territory, and impose taxes on the property therein for that and other municipal purposes. If the city of Des Moines has acquired the right to exercise municipal control for the purposes named over the territory in question, then it is clear that the complainants are not entitled to a decree forbidding the city of Des Moines from continuing to exercise this control over such territory; nor are they entitled to a mandatory injunction compelling the former corporation of Greenwood Park to reassume the exercise of corporate power over such territory; nor do they show themselves entitled to a decree forbidding the city of Des Moines from levying taxes on their property to meet corporate expenses. The pivotal point, therefore, in the controversy, is this question whether the city of Des Moines can lawfully exercise its municipal authority over the territory of Greenwood Park, as being part of the city of Des Moines. There is no provision of the federal constitution or laws which will be involved in the solution of this question. The determination thereof depends wholly upon the construction of the state constitution and laws, and it is a question upon which the decision of the supreme court of the state is absolutely binding upon this court. The powers that may be lawfully exercised by the city, and the extent of the territory over which such powers may be exercised, are questions depending upon the laws of the state of Iowa, under which the corporation was originally created, and which authorize the extension of the city limits as need therefor may arise; and thus it appears that the case is not based upon any right created or immunity guarantied by the federal constitution or laws.

Thus, in Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28, it is said:

"The character of a case is determined by the questions involved. Osborn v. Bank, 9 Wheat. 738, 824. If, from the questions, it appears that some title, right, privilege, or immunity on which the recovery depends, will be defeated by one construction of the constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the constitution or laws of the United States, within the meaning of that term as used in the act of 1875; otherwise not."

The question involved in that case was whether the city of New York had, under its charter, the exclusive right to establish ferries between Manhattan Island and the shores of Staten Island. The supreme court held that this question depended upon the construction of the city charter, and that it did not involve a federal question, and hence the United States circuit court could not take jurisdiction thereof.

In Shreveport v. Cole, 129 U. S. 36, 9 Sup. Ct. 210, it was held that:

"Unless this suit was one arising under the constitution or laws of the United States, the circuit court had no jurisdiction; and if it did not really and substantially involve a dispute or controversy as to the effect or construction of the constitution or some law, upon the determination of which the recovery depended, then it was not a suit so arising."

Applying this test to the present case, what is the result? There can be no question that the complainants herein could have brought the suit in the state court had they chosen that forum. Can there be any question that they could have presented every ground they rely upon as a foundation for the claim that the asserted extension of the corporate limits and corporate powers of the city of Des Moines over their property is illegal, and therefore invalid, without quoting any section or clause of the federal constitution or laws? Is it not clear that whatever court undertakes to pass upon the rights sought to be enforced in this case must solve the problems by a construction of the state constitution and laws, and that, in determining the pivotal question whether the property formerly included within the town of Greenwood Park is now within the limits and subject to the control of the city of Des Moines, no clause or provision of the federal constitution or laws will be referred to or be brought up for consideration? It must, then, be held that this case is not one wherein the right of the complainants to ask a decree restraining the city of Des Moines from continuing to exercise corporate authority over the territory in question is based upon any provision of the federal constitution or laws, and, as the right of recovery or to the relief sought would not be affirmed by one construction or denied by another construction of the federal laws, it cannot be rightfully said that the controversy is one arising under the federal constitution or laws, and jurisdiction in this court cannot be maintained on that ground.

Equally unavailing are the general averments that, unless restrained, the city of Des Moines will continue to exercise its corporate authority over the property of complainants, will continue the work of improving the streets in the territory of Greenwood Park, and will levy taxes on the property therein for the payment of street improvements and of the city debt, and that thereby the

property of complainants will be subjected to burdens without due process of law, and be taken without compensation. It is open to complainants to attack the validity of the asserted extension of the city limits in the state courts, unless that question is settled by the decision of the supreme court of Iowa in the case already cited. There is no provision in the laws of Iowa which preclude the complainants from obtaining a hearing upon all the questions which are presented by the bill filed in this suit. Of a case brought for that purpose the state court would have jurisdiction. If, in the progress thereof, the complainants should seek to rely upon any right or immunity granted by the federal constitution or laws, the state court could give them the full benefit thereof; or, if such benefit was refused, the parties could carry the question before the supreme court of the United States, and obtain protection therefrom.

Thus, in City of New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905 (a case which in some of its features is similar to the one now under consideration), it was held that the circuit court had not jurisdiction, it being therein said that:

"Ordinarily, the question of the repugnancy of a state statute to the impairment clause of the constitution is to be passed upon by the state courts in the first instance, the presumption being in all cases that they will do what the constitution and laws of the United States require (Chicago & A. R. Co. v. Wiggins Ferry Co., 108 U. S. 18, 1 Sup. Ct. 614, 617); and, if there be ground for complaint of their decision, the remedy is by writ of error, under section 709 of the Revised Statutes."

It is not claimed or averred in this bill, nor could it be so claimed rightfully, that, under the constitution and laws of Iowa, a party can be deprived of his property without giving him his day in court, or that property can be taken for a public use without due compensation, or that provision is not made enabling every one whose property is assessed and taxed to question the validity of the tax. When traced to its real foundation, the claim asserted by complainants, that, without due process of law, their property is being burdened with assessments, is not based upon the theory that the laws of Iowa do not afford them ample means for testing the validity of the assessments made, but it is based upon the claim that their property is not within the limits of the city of Des Moines; is not therefore subject to the control of the city authorities, and cannot be lawfully assessed or taxed by them. It is manifest, however, that the legality or illegality of the action of the city is dependent upon the question whether the territory of Greenwood Park now forms part of the city of Des Moines, and the existence of this disputed question does not show that the complainants are in any proper sense denied due process of law for the protection of their rights, or that they are denied the equal protection of the laws, within the meaning of the federal constitution.

As the lack of jurisdiction in this court is thus apparent on the face of the bill, it follows that the motion for an injunction must be denied, the restraining order heretofore granted must be dissolved, and the bill itself must be dismissed; and it is so ordered.