POSTAL TELEGRAPH CABLE CO. OF MONTANA v. NOLAN et al.

(District Court, D. Montana. March 29, 1917.)

No. 50.

1. COURTS ⟜299—JURISDICTION—FEDERAL QUESTION.
    A case does not arise under the laws of the United States, so as to give the District Court jurisdiction, unless it is apparent from the complaint that it involves a substantial dispute respecting the validity, construction, or effect of some federal law, upon the determination of which the result depends.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 841.]

2. COURTS ⟜284—JURISDICTION—FEDERAL QUESTION—PREVIOUS CONSTRUCTION.
    When the federal law involved in a suit has been settled by the United States Supreme Court, it no longer furnishes a basis for a claim that the case arises under the laws of the United States.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–826, 831.]

3. COURTS ⟜285—JURISDICTION—FEDERAL QUESTION—USE OF POST ROADS BY TELEGRAPH.
    A suit by interstate telegraph company to restrain a railroad's cotenants in the fee of the right of way from removing plaintiff's telegraph lines, erected on the right of way with the railroad's permission, is not controversy arising under Comp. St. 1916, § 10072, providing that any telegraph company shall have the right to construct telegraph lines along any military or post roads of the United States, which section has been construed by the United States Supreme Court as not applying to the conduct of individuals, who interfere with the telegraph lines, and as not conferring the right to use post roads without consent of the owner thereof, and therefore such suit is not within the jurisdiction of the federal court, when all the parties are citizens of the same state.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 827, 828.]

4. COURTS ⟜289—JURISDICTION—FEDERAL QUESTION—INTERSTATE TELEGRAPH LINES.
    The fact that the destruction of a telegraph line, along a right of way in which defendants were cotenants, would interfere with interstate commerce, does not give the federal court jurisdiction of a suit between citizens of the same state to restrain such destruction.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 830.]

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity.   Suit by the Postal Telegraph Cable Company of Montana against Joseph P. Nolan and others to enjoin defendants from destroying plaintiff's telegraph lines on a railroad right of way.   On defendants' motion to dismiss.   Motion granted.

William Meyer, of Butte, Mont., for plaintiff.
Nolan & Donovan, of Butte, Mont., for defendants.

BOURQUIN, District Judge.   This case by complaint and proof on an order to show cause is one wherein plaintiff seeks to enjoin defendants from continued destruction of the former's interstate telegraph lines upon a railroad's right of way (an easement acquired by condemnation) wherein the railroad company and defendants appear to be cotenants in the fee, plaintiff having the railroad company's permit to place the former's wires on the latter's poles on said right of way.   All parties hereto are citizens of Montana.

Plaintiff has complied with the federal Telegraphs on Post Roads Act (10 West's Comp. Stats. p. 12335), and claims the case is one arising under the Constitution and laws of the United States.   Defendants' only claim is that the railroad company's permit gives plaintiff no right to occupy said right of way that they, cotenants in the fee, are bound to respect, that the issue involves only the local law of cotenancy and is not a case arising under the laws of the United States, and so move to dismiss the suit for want of jurisdiction.

[1] This court has not jurisdiction unless the case arises "under the laws of the United States."   A case does not so arise unless it is apparent from the complaint that it involves a substantial dispute respecting the validity, construction, or effect of some federal law, upon the determination of which the result depends.   Hull v. Burr, 234 U. S. 720, 34 Sup. Ct. 892, 58 L. Ed. 1557.

[2] When the law involved has been settled by the Supreme Court, it no longer furnishes a basis for a claim that the case arises under the laws of the United States.   Telegraph Co. v. Railway Co., 178 U. S. 244, 20 Sup. Ct. 867, 44 L. Ed. 1052.

[3] By reason of both these rules, it is believed the instant case does not arise "under the laws of the United States"; hence, no jurisdiction.

The federal act involved, so far as here material, is for the purpose of preventing states and their instrumentalities, as cities, from prohibiting telegraph companies doing business therein.   It has nothing to do with the conduct of individuals, whether wrongdoers or otherwise, who hinder the companies' operations.   The act confers no right upon such companies to occupy post roads in invitum.

The companies must secure leave from the owners of such roads, and their rights therein are not dependent upon nor measured by the said act, but by the terms of the leave secured.   Essex v. Telegraph Co., 239 U. S. 317, 36 Sup. Ct. 102, 60 L. Ed. 301; Telegraph Co. v. Richmond, 224 U. S. 169, 32 Sup. Ct. 449, 56 L. Ed. 710; Telegraph Co. v. Railway Co., supra.   And see Pomona v. Telephone Co., 224 U. S. 345, 32 Sup. Ct. 477, 56 L. Ed. 788.

If the companies secure leave to occupy state or city post roads, any subsequent interference by state or city may make a case arising under the Constitution of the United States—the contract or due process clauses—and so within the jurisdiction of the federal courts. Illustrations are the first and last of the four cases last cited.

The instant case in principle is like Telegraph Co. v. Railway Co., supra, which determines that, not the construction or effect of said act, but that of the leave to occupy, controls the result.

[4] That interstate commerce is involved, adds nothing to plaintiff's rights. See Water Co. v. McCarter, 209 U. S. 357, 28 Sup. Ct. 529, 52 L. Ed. 824, 14 Ann. Cas. 560.

It may be that plaintiff, by the railroad company licensed to use the right of way as the latter uses it, involving no exclusion of defendants as cotenants, has rights entitled to protection. But not the federal law, but the local law alone, determines the result. So is it, if defendants are not cotenants but only wrongdoers. Any remedy must be sought in the state courts.

The motion to dismiss is granted.