## HIXON v. OAKES.

ERROR TO THE DISTRICT COURT OF APPEAL FOR THE SECOND APPELLATE DISTRICT OF THE STATE OF CALIFORNIA.

No. 420. Argued April 24, 1924.—Decided May 26, 1924.

A city ordinance forbidding the filling of prescriptions calling for more than eight ounces of alcoholic liquor, manifestly does not infringe any right of the pharmacist granted by the Eighteenth

Amendment or the National Prohibition Act and protected by the Fourteenth Amendment.

Writ of error to review 61 Cal. App. 200, dismissed.

ERROR to a judgment of the District Court of Appeal, of California, remanding the plaintiff in error, in a *habeas corpus* proceeding.

*Mr. Ray E. Nimmo* for plaintiff in error.

*Mr. J. M. Friedlander* and *Mr. S. W. Odell* for defendant in error.

*Mr. E. C. Brokmeyer,* by leave of Court, filed a brief as *amicus curiæ.*

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Plaintiff in error, a regularly licensed pharmacist, was convicted of violating, September 8, 1921, an ordinance of Los Angeles construed to forbid the filling of a prescription which called for more than eight ounces of alcoholic liquor.

After sentence, under permitted practice, he challenged the validity of the ordinance by a *habeas corpus* proceeding commenced in the District Court of Appeal upon the ground that it " is unconstitutional and void because it is in violation of the terms of the Eighteenth Amendment to the Constitution of the United States, and in violation of the terms of the National Prohibition Act," c. 85, 41 Stat. 305.

Having declared, " the single question presented for decision is whether the ordinance, insofar as it relates to the filling of prescriptions by licensed pharmacists, is valid and enforceable since the adoption of the Eighteenth Amendment and the enactment of the National Prohibition Law, commonly known as the Volstead Act,"

the District Court of Appeal affirmed the validity of the ordinance and remanded plaintiff in error. Thereupon he sued out this writ of error. The assigment of errors alleges a conflict between the ordinance and the Fourteenth as well as the Eighteenth Amendment.

The petition for *habeas corpus* did not mention the Fourteenth Amendment. The opinion of the court below indicates it was there maintained that Congress by the Volstead Act granted some right or privilege which is protected by the Fourteenth Amendment and may not be abridged by State or municipality.

We do not stop to decide whether, considering plaintiff in error's clear right through a new petition to secure from the Supreme Court of California an unembarrassed determination of the question presented below (*Matter of Zany*, 164 Cal. 724), the assailed judgment is one " in the highest court of a State in which a decision in the suit could be had," within § 237, Judicial Code. It is enough now to say that he has failed to raise any substantial federal question; and for that reason the writ of error must be dismissed. Neither the Eighteenth Amendment nor the Volstead Act grants the right to sell intoxicating liquors within a State. And certainly nothing in that act lends color to the suggestion that it endows a pharmacist with the right to dispense liquors for which he may claim the protection of the Fourteenth Amendment.

We go no further than to consider the points definitely raised upon the record and dispose of the present writ.

*Dismissed.*