## COLONIAL DRUG & SALES CO. v. WESTERN PRODUCTS CO.

### No. 483.

Circuit Court of Appeals, Tenth Circuit.

Dec. 11, 1931.

PHILLIPS, Circuit Judge.

The Colonial Drug & Sales Company brought this action against the Western Products Company to recover damages for breach of contract. The portions of such contract material to this inquiry are set forth in marginal note 1.

The amended complaint alleged that plaintiff and defendant are corporations organized under the laws of Colorado; that defendant was engaged in the manufacture of near beer; that in the process of such manufacture and as a by-product defendant produced alcohol; that under the Eighteenth Amendment and the National Prohibition Act (27 USCA) it was unlawful for defendant to dispose of such alcohol, except by a process commonly known as "wasting" or to agencies entitled to receive the same under federal permits.

It further alleged the making of such contract, the establishment of a bonded warehouse by plaintiff and defendant, the issuance under the National Prohibition Act (27

---

[1] "This Memorandum of Agreement, Made and entered into this 15th day of November, A. D. 1921, between The Western Products Company, a Colorado corporation, of the City and County of Denver, State of Colorado, party of the first part, and The Colonial Drug and Sales Company, a Colorado corporation, of the same place, party of the second part, Witnesseth:

"That Whereas: The party of the first part is operating an Industrial Distillery in the City and County of Denver, State of Colorado, and produces a quantity of alcohol from its operations and has been denaturing such alcohol and selling it in a denaturation state; and,

"Whereas: The party of the first part is desirous of distributing the alcohol produced by it through the party of the second part, but in all respects subject to, and in conformity with the laws and regulations of the United States Internal Revenue Department;

"Now Therefore, This Agreement Witnesseth:

"That the parties hereto mutually agree as follows, to-wit:

"First: The party of the first part agrees to authorize the said distribution, and the party of the second part agrees to distribute, upon the terms herein stated, all of the alcohol produced by the party of the first part.

"Second: The price to be paid to the party of the first part by the party of the second part for said alcohol distributed shall be in cash at the New York average quotation for completely denatured alcohol No. 5 in barrels as reported by the Oil, Paint and Drug Reporter, a New York publication, less one per cent (1%) discount at the time withdrawal is made from receiving tanks, such withdrawals to be made as fast as said alcohol is produced. * * *

"Fifth: The parties hereto mutually designate and appoint Frank P. Bicknell of the City and County of Denver, State of Colorado, as their joint agent and representative to manage and operate the aforementioned warehouse for the purpose of carrying out the terms of this agreement. The party of the first part shall not be liable to said Bicknell for wages or otherwise, and he shall have no authority to incur any expense or liability on its behalf."

Robt. D. Charlton, of Denver, Colo., for appellant.

Hudson Moore, of Denver, Colo. (Wilbur F. Denious and Dayton Denious, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

USCA) of a permit to sell and distribute alcohol, the manufacture of alcohol by defendant, the placing thereof in such warehouse, withdrawals and sales thereof under said contract by plaintiff in accordance with the National Prohibition Act and the regulations promulgated thereunder, and a compliance with such contract by plaintiff and defendant for eight years.

It further alleged that on November 12, 1929, defendant refused further to perform such contract, and that plaintiff suffered damages as a result of such breach.

Defendant demurred to the amended complaint on the ground that the court was without jurisdiction, and that it did not state facts sufficient to constitute a cause of action. The trial court held that there was no federal question presented by such complaint, that the contract was illegal under the laws of Colorado, and that plaintiff was not entitled to maintain an action thereon. Plaintiff has appealed.

Section 1, art. 22 of the Colorado Constitution provides:

"From and after the first (1st) day of January, 1916, no person, association or corporation shall, within this state, manufacture for sale or gift any intoxicating liquors; and no person, association or corporation shall import into this state any intoxicating liquors for sale or gift; and no person, association or corporation shall, within this state, sell or keep for sale any intoxicating liquors or offer any intoxicating liquors for sale, barter or trade; Provided, however, That the handling of intoxicating liquors for medicinal or sacramental purposes may be provided for by statute."

Section 3701, Colo. Comp. Laws 1921, provides:

"No person, association or corporation shall, within this state, manufacture for sale or gift.any intoxicating liquors; and no person, association or corporation shall import into this state any intoxicating liquors for sale or gift; and no person, association or corporation shall, within this state, sell or keep for sale any intoxicating liquors or offer any intoxicating liquors for sale, barter or trade; and no person, association or corporation shall keep or have in his or its possession, for personal use or otherwise, any intoxicating liquors or permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him, or give away or furnish any intoxicating liquors to another; Provided, however, That intoxicating liquors may be imported into this state and handled for medicinal and sacramental purposes only, in the manner prescribed in this act and no other."

Chapter 80, p. 220, Colo. Laws 1925, provides that any person "who shall be the owner of, or who shall operate or knowingly have in his possession any still used, designed or intended for the manufacture of intoxicating liquor, shall be deemed guilty of a felony."

That a state has the power to absolutely prohibit the manufacture of intoxicating liquor within its borders is settled law. Crane v. Campbell, 245 U. S. 304, 38 S. Ct. 98, 62 L. Ed. 304; Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205.

Counsel for plaintiff contends, however, that under the Eighteenth Amendment, the National Prohibition Act, and the treasury regulations promulgated thereunder, plaintiff and defendant. were authorized, upon the issuance to them of such permit, to manufacture and dispose of alcohol in Colorado; that, in as far as the Colorado laws conflicted with the Eighteenth Amendment and the National Prohibition Act, the former were abrogated.

In United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 142, 67 L. Ed. 314, the court said:

"The amendment was adopted for the purpose of establishing prohibition as a national policy reaching every part of the United States and affecting transactions which are essentially local or intrastate, as well as those pertaining to interstate or foreign commerce. The second section means that power to take legislative measures to make the policy effective shall exist in Congress in respect of the territorial limits of the United States and at the same time the like power of the several states within their territorial limits shall not cease to exist. Each state, as also Congress, may exercise an independent judgment in selecting and shaping measures to enforce prohibition. Such as are adopted by Congress become laws of the United States and such as are adopted by a state become laws of that state. They may vary in many particulars, including the penalties prescribed, but this is an inseparable incident of independent legislative action in distinct jurisdictions.

"To regard the amendment as the source of the power of the states to adopt and enforce prohibition measures is to take a partial and erroneous view of the matter. Save for some restrictions arising out of the federal Constitution, chiefly the commerce

clause, each state possessed that power in full measure prior to the amendment, and the probable purpose of declaring a concurrent power to be in the states was to negative any possible inference that in vesting the national government with the power of country-wide prohibition, state power would be excluded. In effect the second section of the Eighteenth Amendment put an end to restrictions upon the state's power arising out of the federal Constitution and left her free to enact prohibition laws applying to all transactions within her limits. To be sure, the first section of the amendment took from the states all power to authorize acts falling within its prohibition, but it did not cut down or displace prior state laws not inconsistent with it. Such laws derive their force, as do all new ones consistent with it, not from this amendment, but from power originally belonging to the states, preserved to them by the Tenth Amendment, and now relieved from the restriction heretofore arising out of the federal Constitution. This is the ratio decidendi of our decision in Vigliotti v. Pennsylvania, 258 U. S. 403, 42 S. Ct. 330, 66 L. Ed. 686.

"We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. Each may, without interference by the other, enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the amendment. Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other."

In Hixon v. Oakes, 265 U. S. 254, 256, 44 S. Ct. 514, 515, 68 L. Ed. 1005, the court said:

"Neither the Eighteenth Amendment nor the Volstead Act grants the right to sell intoxicating liquors within a state."

■ The Eighteenth Amendment took away none of the reserved powers of the states, except the power to render valid that which the amendment prohibits. The power of the states to restrict the manufacture and traffic in intoxicating liquor within their borders is in nowise abrogated.

The Eighteenth Amendment, the National Prohibition Act and the regulations promulgated thereunder grant no federal right to manufacture and sell alcohol within a state. They merely provide under what circumstances it shall be and under what circumstances it shall not be unlawful to manufacture and sell alcohol as far as federal law is concerned. They do not modify more stringent state prohibition laws.

■ Since the proposition which counsel for plaintiff urges has been settled adversely to his contentions by the decisions of the Supreme Court, it has ceased to be a federal question. Western Union Tel. Co. v. Ann Arbor R. Co., 178 U. S. 239, 244, 20 S. Ct. 867, 44 L. Ed. 1052; Postal Tel. Cable Co. of Montana v. Nolan (D. C.) 240 F. 754; Silvey v. Commissioners of Montgomery County, Ohio (D. C.) 273 F. 202, 207.

■ A suit does not arise under the Constitution and laws of the United States unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution, upon the determination of which the result depends, and this must appear from the plaintiff's complaint. Spencer v. Duplan Silk Co., 191 U. S. 526, 530, 24 S. Ct. 174, 48 L. Ed. 287; McCain v. Des Moines, 174 U. S. 168, 181, 19 S. Ct. 644, 43 L. Ed. 936; Arbuckle v. Blackburn, 191 U. S. 405, 413, 24 S. Ct. 148, 48 L. Ed. 239; Defiance Water Co. v. Defiance, 191 U. S. 184, 190, 191, 24 S. Ct. 63, 48 L. Ed. 140.

And there must be involved such a federal question "not in mere form, but in substance, and not in mere assertion, but in essence and effect." Cuyahoga River P. Co. v. Northern Ohio Traction & L. Co., 252 U. S. 388, 397, 40 S. Ct. 404, 408, 64 L. Ed. 626; Carolina & N. W. Ry. Co. v. Town of Lincolnton (C. C. A. 4) 33 F.(2d) 719.

■ We see nothing in this case other than a simple action for breach of contract. Whether it is unlawful to make alcohol as an incident to the process of manufacturing near beer in Colorado is a question of state, not federal law. Neither a federal right nor a substantial question of federal law is involved.

It follows that the trial court correctly held that it had no jurisdiction of the controversy.

Affirmed.