## MOSHER v. CITY OF PHŒNIX.
### No. 6471.

Circuit Court of Appeals, Ninth Circuit.
Dec. 14, 1931.

John W. Ray, of Phoenix, Ariz., for appellant.

Charles Carson, Jr., James E. Nelson, and Kibbey, Bennett, Gust, Smith & Rosenfeld, all of Phoenix, Ariz., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an action to enjoin the further prosecution of the improvement of Taylor street from Central avenue to Seventh street in the city of Phoenix, Ariz. The jurisdiction of the United States District Court is predicated upon the allegation that a part of Taylor street within the limits of the proposed improvements is the private property of the plaintiff; that this property consists of a strip of land along the north side of plaintiff's property from Central avenue to First street, having a width of about 12 feet, and a length of 305 feet, and a value of $25,000. It is claimed that the city is thus attempting to appropriate the private property of the plaintiff and deprive him of the use thereof without due process of law, in violation of plaintiff's right under the constitution of the United States.

An examination of the allegations of the plaintiff's complaint indicates there is a disagreement between the city of Phoenix and the appellant as to the width of the street. The appellant claims that the street is only 48 feet wide and that the owners thereof dedicated the same to the public, but that the remaining 12 feet thereof across the appellant's land has never been so dedicated by the owner thereof. It is apparent therefore that the controversy between the appellant and the city is as to the ownership of a strip of land.

If we have correctly interpreted the statutes of Arizona involved in this proceeding in Collins v. City of Phoenix (C. C. A.) 54 F.(2d) 770, this day decided, the proceedings for the improvement of the private property of the appellant were not authorized by the statutes of Arizona under which the proceedings were instituted. The appellant alleges in her complaint that the proceedings initiated for the improvement of this street were void under the law of Arizona. As was said in Memphis v. Cumberland Telephone Co., 218 U. S. 624, 31 S. Ct. 115, 117, 54 L. Ed. 1185: "The bill, therefore, so far from charging a violation of the 14th Amendment by an authorized action of the state, distinctly and in terms avers that the ordinance was passed without state authority."

See, also, City and County of San Francisco v. United R. R. of San Francisco (C. C. A.) 190 F. 507, 512; Toncray v. City of Phoenix (C. C. A.) 47 F.(2d) 448; McCain v. Des Moines (C. C.) 84 F. 726, 728, affirmed by the Supreme Court of the United States, Id., 174 U. S. 168, 177, 19 S. Ct. 644, 43 L. Ed. 936. The appellant does not present a real and substantial federal question. 1 Cyc. Federal Procedure, § 69, p. 353; Postal Telegraph Cable Co. v. Noland (D. C.) 240 F. 754; Silvey v. Commissioners of Montgomery County (D. C.) 273 F. 202.

Decree affirmed.