**GUSTASON v. CALIFORNIA TRUST CO. et al.**

**No. 7352.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 19, 1934.

Ben C. Axley, of Los Angeles, Cal., for appellant.

Swanwick, Donnelly & Proudfit, A. E. Cate and Donald O. Welton, all of Los Angeles, Cal., for appellee California Trust Co.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment dismissing appellant's complaint without leave to amend. The complaint alleges, substantially, that in May, 1929, plaintiff entered into agreements of sale with the California Trust Company, defendant/appellee, pursuant to which California Trust Company agreed to sell and plaintiff agreed to buy certain real property situated in Los Angeles county, Cal., for a named price, payable in

five annual installments; that plaintiff was induced to execute the agreements of sale by reason of certain representations and statements made to him by the defendants, to the effect that the "unimpaired fee title to said premises was held by defendant California Trust Company and that defendants herein and their successors or assigns were then and would always be able to furnish plaintiff with a certificate or guarantee of title issued by a reputable title company, showing the fee title to said premises as vested in defendant California Trust Company free and clear of encumbrances at the date of the execution of such agreements"; "that said representations and statements and all of them were false and untrue, and were known by defendants herein to be false and untrue at the time same were made, but plaintiff was wholly unaware of the falsity thereof, believed the same and relied thereupon; that said representations were fraudulently, falsely and deceitfully made by the defendants herein, and said agreements were executed by defendant California Trust Company herein with knowledge of the falsity of said representations which were fraudulently, falsely and deceitfully made solely for the purpose of inducing plaintiff to enter into said agreements, and had plaintiff been aware of such falsity, fraud and deceit, he would not have executed said agreements."

It is also alleged "that said premises are public domain of the United States of America; that the basic title to said premises now does, and forever will, prevent the existence of fee title to said premises in defendants, or any of them; that said premises are encumbered by homestead-entries filed in the District Land Office of the United States Department of the Interior, further preventing the conveyance by defendants herein of fee title to said premises," as was well known by defendants.

Plaintiff then alleges "that on or about the month of November, 1932, he discovered the aforedescribed fraud, deceit, and falsity thereof and promptly thereafter, to-wit: on or about November 10, 1932, executed a written notice of rescission, directed to and served upon defendants herein, by virtue of which plaintiff elected to and did rescind the aforedescribed agreements, setting forth in said notice the grounds and reasons for said rescission, as hereinbefore set forth, and therein further stated that plaintiff was ready, able and willing to restore to defendants everything of value received by him on account of said agreements, including a good and sufficient quitclaim deed to said premises and

cancellation of said agreements, and offered to tender and return, and did thereby offer and tender to return, everything of value so received by him, on condition that defendants do likewise and return to him $11,356.40," the moneys paid under the agreements of sale.

It is also alleged in the complaint "that the base, muniment and foundation of the claims of the said California Trust Company to the fee in said property" is a judgment of the United States District Court for the Southern District of California, filed in said court on December 12, 1856. That judgment confirmed title to the property in question in one Ysidro Reyes (the predecessor in interest of California Trust Co.), as theretofore found and determined on April 4, 1854, by the "Board of Commissioners", established by and acting in accordance with the Act of March 3, 1851, 9 Stat. 631, entitled "An Act to ascertain and settle the private Land Claims in the State of California."

The complaint then alleges that said judgment of the United States District Court, confirming the title to the property as found by the Board of Commissioners, is void for the following reasons:

(1) The Board of Commissioners was without jurisdiction to hear and determine the cause;

(2) The decree of confirmation entered by the Board of Commissioners was rendered arbitrarily and without any evidence proving or tending to prove that said Reyes had acquired "any equity whatever in said lands, or any part thereof, under the laws of Spain or Mexico, the Treaty of Guadalupe Hidalgo, the Law of Nations, the Act of Congress approved March 3, 1851, or the decisions of the Supreme Court of the United States applicable thereto";

(3) The proceedings before the Board of Commissioners docketed in the United States District Court conferred no jurisdiction upon said court to make any order or render any judgment therein;

(4) Because of extraneous frauds practiced by said Reyes upon the United States, "and particularly upon the Deputy United States Surveyor who made the survey herein complained of";

(5) Because of extrinsic frauds practiced upon the court by said Reyes "and by representatives of the United States, both and all of whom were in collusion and conspiracy to the end and purpose of deceiving and misleading the court as to the facts in said cause";

(6) "The survey and patent issued by the United States on the 21st day of July, 1881, for the said land is void upon its face and is and at all times herein mentioned has been a fraud upon the court for the reason that it wholly failed to conform to the judgment and order of the court theretofore made";

(7) "The judgment and decree of confirmation of December 12, 1856, the orders, processes, and decrees prior and subsequent thereto, the survey and patent issued as hereinabove stated, by and through which title in the United States was attempted to be divested, is a judgment void for want of entirety";

(8) "The survey and patent executed and issued by the Surveyor-General of the State of California, on the 21st day of July, 1881, covering the lands claimed by petitioner, is void upon its face for want of power and authority in the Surveyor-General of California to execute the same."

The prayer of the complaint is for recovery of the moneys paid by plaintiff under the agreements of sale and for cancellation of said agreements.

Demurrers interposed by the defendants Santa Monica Land & Water Company and defendant Pacific Land Corporation, Limited, were sustained "for the reason that this Court has no jurisdiction of this cause."

The defendant California Trust Company moved to dismiss the complaint on the grounds:

"1. That said complaint does not state facts sufficient to constitute a cause of action at law or in equity against defendant.

"2. That it does not appear from the allegations of said complaint that a Federal question is involved or that the Federal Court has, for any other reason, jurisdiction of the action.

"3. That it appears upon the face of said complaint that the cause of action, if any, therein alleged, is barred by the provisions of Subdivision 4 of Section 338 of the California Code of Civil Procedure."

Without stating the ground of dismissal, a judgment of dismissal was entered, "dismissing the complaint without leave to further amend."

■ The record discloses no diversity of citizenship, and the jurisdiction of the federal court can only be invoked, therefore, on the ground that the case "arises under the Constitution or laws of the United States." Sec-

tion 24 (1), Judicial Code, 28 USCA § 41 (1). If it does not, the bill was properly dismissed. "In the present case diverse citizenship does not exist. Jurisdiction must, therefore, depend upon the question whether the suit is one arising under the Constitution or laws of the United States." Shoshone Mining Co. v. Rutter, 177 U. S. 505, 507, 20 S. Ct. 726, 44 L. Ed. 864.

■ The test of what constitutes a case arising under the laws of the United States was stated by this court in Wilson v. Robinson (C. C. A. 9) 16 F.(2d) 431, certiorari denied, 275 U. S. 526, 48 S. Ct. 19, 72 L. Ed. 407, which was an action to compel the defendants to convey to plaintiff certain lands to which the defendants had been granted a patent by the United States; plaintiff claiming that she was lawfully entitled to a patent to the lands and that the Land Department had erred in cancelling her patent and issuing a patent to the defendants. In holding that the bill was properly dismissed for lack of jurisdiction, this court said: "The only ground upon which the plaintiff seeks to predicate federal jurisdiction is that the case arises under the laws of the United States. It is familiar knowledge that, to bring a case within this branch of jurisdiction, it must affirmatively and distinctly appear from the averments of the pleading that 'it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of' a federal law, 'upon the determination of which the result depends.' It has further been authoritatively stated that 'this is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the Central and Western states would so arise, as all titles in those states are traceable back to these laws.' Shulthis v. McDougal, 225 U. S. 561, 569, 32 S. Ct. 704, 706, 56 L. Ed. 1205; Shoshone Mining Co. v. Rutter, 177 U. S. 505, 20 S. Ct. 726, 44 L. Ed. 864."

■ In the light of that rule, it seems clear that plaintiff's bill for rescission of the agreements of sale does not "really and substantially involve a dispute or controversy respecting the validity, construction, or effect of a federal law." If it be contended that the court acquired jurisdiction by reason of the alleged federal question raised in the bill, that is, the validity of the judgment entered by the District Court in 1856, that question, as we shall presently see, is so unsubstantial and devoid of merit that it did not confer jurisdiction.

■ The futility of actions attacking the validity of decrees entered under the "Act to ascertain and settle the private Land Claims in the State of California," supra, settling the title to lands acquired under Mexican land grants, is disclosed by our recent opinion in the case of Hogan v. United States of America and Title Insurance & Trust Co., 72 F.(2d) 799, 804, and the cases cited and quoted therein. • As we have seen, the decree confirming the title to the lands here in question is claimed to be void for lack of jurisdiction, insufficiency of the evidence, and certain alleged frauds. A similar argument was advanced in the Hogan Case, and we said: "The court is not here concerned whether errors were committed in the decree of confirmation entered by the Board of Land Commissioners * * * or in the judgment of the District Court; * * * such errors, if any, could be reviewed only on appeal to reverse the decree or judgment." In this case, as in the Hogan Case, the record discloses that: "The Board of Land Commissioners as well as the District Court has jurisdiction of the subject-matter as well as of the parties, and, this being true, the judgment and the patent are not subject to the attack here made." Moreover, as was said in a similar case, "even if the bill showed that the decree had been procured by fraud of the grossest character, this court would still be without jurisdiction; for it has no authority to pass upon the propriety of the decree, i. e., to decide upon the validity of the claim, nor to remand the parties to any other forum where that question may be determined." United States v. Flint (1876) Fed. Cas. No. 15,121, 4 Sawy. 42, affirmed as United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93. The case last cited was a suit to vacate patents issued by the United States upon confirmed Mexican grants, on the ground that said grants were not genuine, and that their confirmation was procured by fraud on the part of the claimants, in presenting fraudulent grants, and concealing the facts from the officers of the government. Mr. Justice Field, speaking for the court, said: "If the present bill could be sustained upon the grounds alleged, and we should set aside the decree of the district court, a new bill might years hence be filed to annul our judgment and reinstate the original decree, on the same grounds urged in this case, that fabricated papers and false testimony had been used before us, which eluded the scrutiny of the counsel and escaped our detection. Of course, under such a system of procedure, the settlement of land titles in the state would be postponed indefinitely, and the industries and improvements, which require for their growth the assured possession of land, would be greatly paralyzed."

Should we assume, therefore, that the bill does allege facts sufficient to raise a federal question, it is plainly unsubstantial because obviously without merit and because, as said by the Supreme Court in Levering & G. Co. v. Morrin, 289 U. S. 103, 105, 53 S. Ct. 549, 550, 77 L. Ed. 1062, "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." The court also said: "Whether an objection that a bill or a complaint fails to state a case under a federal statute raises a question of jurisdiction or of merits is to be determined by the application of a well settled rule. If the bill or the complaint sets forth a substantial claim, a case is presented within the federal jurisdiction, however the court, upon consideration, may decide as to the legal sufficiency of the facts alleged to support the claim. But jurisdiction, as distinguished from merits, is wanting where the claim set forth in the pleading is plainly unsubstantial. The cases have stated the rule in a variety of ways, but all to that effect. [Cases cited.]" The rule was stated as follows, in Colonial Drug & Sales Co. v. Western Products Co. (C. C. A. 10) 54 F.(2d) 216, 219: "Since the proposition which counsel for plaintiff urges has been settled adversely to his contentions by the decisions of the Supreme Court, it has ceased to be a federal question. [Citing cases.]"

The bill was therefore properly dismissed. Affirmed.