[No. 3124. June 8, 1926.]

In re ORTIZ'S ESTATE.

BURCH et al. v. ORTIZ.

[246 Pac. 908.]

SYLLABUS BY THE COURT

The title of an act will be **held** sufficient, notwithstanding the words used therein are used in a special or limited sense, where, in the sense in which they are employed, they clearly express the subject of the act.

Appeal from District Court, Rio Arriba County; Holloman, Judge.

In the matter of the estate of Luis M. Ortiz, deceased. After a petition was filed in the district court and granted, removing the cause from the probate court to the district court for the administration of the estate of the deceased, of which Juan J. Ortiz was executor, from a denial of their motion to remand the cause to the probate court, and for other relief, Mrs. B. O. Burch and others appeal. Affirmed and remanded, with directions.

E. P. Davies and W. N. Birdsall, both of Santa Fé, for appellants.

Renehan & Gilbert, of Santa Fé, for appellee.

---

[1] 12CJ p. 788 n. 98; 36Cyc p. 1029 n. 25; p. 1034 n. 50

OPINION OF THE COURT

PARKER, C. J.  A petition was filed in the district court and granted, removing a cause from the probate court of the county to the district court for administration of an estate.  The administration proceeded under the direction of the district court until the appellants appeared in the district and moved the court to set aside and vacate the order removing the cause to the district court and to set aside all orders subsequently by the district court made in the cause, and moving the court to remand the cause to the probate court.  The motion was made upon the theory that chapter 40, of the Session Laws of 1919, is unconstitutional and void.  The motion was denied, and the appellants appeal to this court.

The argument put forward that the act is unconstitutional is based upon the proposition that the provisions of the act are not within the title, counsel relying upon section 16, of article 4, of the state Constitution, which provides:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void."

The title of chapter 40, Laws of 1919, is as follows: "An act providing procedure on appeals from the probate court to the district court."

Section 1 of the act provides that, when the assets belonging to an estate exceed the sum of $2,000, any person interested in the administration of the estate may at any time during the course of the proceeding in the probate court appeal the administration of the estate to the district court by filing a verified petition in the district court, making certain specified allegatons therein.  Section 2 provides that, upon the filing of said petition, the district judge may issue an order directed to the clerk of the probate court directing him

to forthwith send up all the papers and records in the case, and that thereupon the administration shall be docketed and shall proceed in the district court.

Counsel for appellants argue at length, citing many cases, that, because in the title of this act the word "appeal" issued, the subject of the legislation is not expressed, because in fact, the body of the act provides for the removal of an administration from the probate court to the district court, and provides new powers to be exercised by the district court. It is to be observed, however, that in the body of the act itself it is shown that the appeal which is mentioned in the title was intended by the Legislature to be an appeal of the administration of the entire estate, and not an appeal from a judgment or order previously rendered by the probate court. Of course, ordinarily the taking of an appeal means the application to a superior court to review some order or judgment of an inferior court. But it is clear in this instance that the word "appeal" as used in the title, and in the body of the act, was used in a different sense, and was used in the sense of the removal of the whole cause from the inferior to the superior court. In such a case, there is no violation of the constitutional provision. We know of no rule prohibiting the Legislature from using words in a special or modified sense, and one different from the accepted sense in which these words are ordinarily used. It is, of course, incumbent upon this court to adopt such reasonable interpretation of an act of the Legislature as will support its constitutionality, when the same can be done without doing violence to the language used. It seems to be conceded by counsel for appellants that, had the word "removal" been used in the title, instead of the word "appeal," the act would be free from objection. Taking the title and the provisions of the act itself together, we conclude that is the sense in which the word "appeal" was used in both the title and the body of the act.

Counsel for appellee have cited cases to show, where a word is used, susceptible of more than one meaning,

that meaning should be adopted which will sustain the constitutionality of the act, rather than to overthrow it, but we do not deem it necessary to cite or review them at large. See, however, Hargis v. Board of Commissioners, 165 Ind. 194, 73 N. E. 915; 26 A. & E. Enc. of Law 583, and 25 R. C. L. "Statutes," § 95. We are clearly of the opinion that the title of this act expresses the subject of the legislation within the constitutional requirement.

Counsel for appellee have suggested some doubt as to whether the order complained of is appealable, but, in view of the above conclusion, we will not discuss the same.

It follows from all of the foregoing that the judgment of the district court was correct, and should be affirmed, and the cause remanded, with directions to proceed accordingly, and it is so ordered.

BICKLEY and WATSON, JJ., concur.