[No. 3395.   Aug. 8, 1929.]

STATE v. GOMEZ et al.

[280 Pac. 251.]

J. Frank Curns and J. W. Chapman, both of Santa Fe, for the State.

E. R. Wright, of Santa Fe, for appellees.

### OPINION OF THE COURT

SIMMS, J.   The state brought suit against the administrators of the estate of Francisco Gomez, who died in 1919, to collect a succession tax upon said estate, under the provisions of chapter 122 of the Laws of 1919.   Defense was made on the grounds: (a) That the said act fails to meet the requirements of article 4, § 16, of the Constitution, because its title is defective; and (b) that said act is void because it conflicts with article 8, § 1, of the Constitution.   The trial court held with the defendants, and the state has appealed.

The title to the act in question reads:

"An Act providing for a tax on transfers of property; fixing the rate thereof; providing machinery for the appraisal of decedents' estates; for the collection of such taxes, and repealing all acts and parts of acts in conflict with this act."

Article 4, § 16, of our Constitution provides:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. * * *"

Appellees contend that the statute in question, when its context is examined, proves not to be an act imposing a tax on the "transfer of property," but, instead, it is rather a tax on the right to inherit property from a deceased person, or what is called a succession tax. They claim that the body of the act is so repugnant to the title as to violate the requirements of the Constitution above quoted.

Similar questions relative to the titles of legislative enactments have been before us repeatedly. State v. Ingalls, 18 N. M. 211, 135 P. 1177; In re Dexter-Greenfield Drainage District, 21 N. M. 295, 154 P. 382; State ex rel. Board of Education v. Saint et al., 28 N. M. 165, 210 P. 573; State ex rel. Whittier v. Safford, 28 N. M. 535, 214 P. 759; State v. Candelaria, 28 N. M. 573, 215 P. 816; Davy v. McNeill, 31 N. M. 11, 240 P. 482; State v. Armstrong, 31 N. M. 235, 243 P. 333; Burch et al. v. Ortiz, 31 N. M. 429, 246 P. 908; State v. Miller, 33 N. M. 200, 263 P. 511; State ex rel. Taylor v. Mirabal, 33 N. M. 553, 273 P. 929; Grant et al. v. State, 33 N. M. 633, 275 P. 95.

As appellee's counsel aptly says in his brief, "The difficulty is in applying these rules to a particular · case." Each case must be decided on its own set of facts and circumstances. There are certain considerations, however, which the courts should always keep in mind. To the legislative branch of our government is committed the drafting of statutes. Court should be slow to interfere by pronouncing the work of the legislature insufficient. It often happens that one person would entitle the same act in a different way from another. To some minds, the title of an act should be so definite and nice in its definitions and distinctions as to be an index of the act itself; to others, this is unnecessary, and a more general and

sweeping treatment of the subject is all that is required. We can all agree, however, on the soundness of the constitutional inhibition against surprises, concealed or "joker" provisions in bills which might deceive both the lawmakers and the general public.

The Act under consideration is what is commonly termed an "inheritance" tax law. Regardless of whether it should be technically classified as an "inheritance tax," "estate tax," "succession tax," "legacy tax" or "death tax," it is clear that its main purpose is to tax the transfer of property which takes place by certain kinds of transfers only; i. e., by will, inheritance, or gift to take effect at death. It does not tax transfers by deed, bill of sale or other instrument conveying property inter vivos. It confines its operations exclusively to transfers effectuated by or to take effect at death.

So far as the theory of the Act is concerned, appellees properly contend that it is a "succession tax" because it lays the burden upon the right to receive or "succeed to" property of a decedent. This does not prevent the Act from also being properly called a "Transfer Tax" Act because that is the broadest and most inclusive term which can be used in reference to any of the so-called "death tax" acts. Whether they should be properly classified as "inheritance," "estate," "succession," "legacy," or by any other name, they are all "transfer" taxes. In Gleason & Otis on Inheritance Taxation, (4th Ed.), P. 242, in speaking of the difficulty of classifying the various statutes on this subject, it is said:

"Perhaps the whole subject would be more aptly described as 'Transfer Taxes' but there are many such taxes, such as sales taxes and various excise duties which come within that term and yet have nothing to do with what are generally understood to be inheritance taxes. The definition which has seemed to the authors most concise and comprehensive is that given in the earlier editions of this work 'A tax levied upon any form of donative TRANSFER from the dead to the living, or by the living in contemplation of or effective at death'."

We therefore hold that in denominating the act "An Act providing for a tax on transfers" the legislature did not use a term repugnant to the nature and purpose of the act.

But appellees contend that the word "transfer" not being limited to such as take place either by or at death, is too broad a term to support what is simply a succession tax statute and which does not apply to transfers by deed, bills of sale, or other instrument inter vivos. We have held that the legislature may use a word in a particular or limited sense in the title to a bill, as opposed to the general or usual sense, without doing violence to the constitutional provision. Burch et al v. Ortiz, 31 N. M. 427, 429, 246 P. 908, 909. Speaking for this court, Justice Parker said:

"* * * of course, ordinarily the taking of an appeal means the application to a superior court to review some order or judgment of an inferior court. But it is clear in this instance that the word 'appeal' as used in the title and in the body of the act, was used in a different sense, and was used in the sense of the removal of the whole cause from the inferior to the superior court. In such a case, there is no violation of the constitutional provision. * * *"

From the title to the act under consideration and from the context of the act itself, it is plain that in using the words "tax on transfers of property" the legislature meant and intended such transfers of property as occurred "by or at death." So construed, we see no justification for holding that the title is insufficient to meet the requirements of the Constitution.

Next, appellees contend that it is apparent from Sections 1, 2 and 3 of the act itself, that it lays a tax upon the property which the beneficiary receives and therefore it is in violation of Article VIII, Section 1, of the Constitution, which provides:

"Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class."

Since we have held with appellees that the statute under examination is a succession tax or a tax upon the right or privilege to succeed to the property of the deceased, it is not a tax upon tangible property and does not violate the section and article of the constitution named. Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037.

It follows that the judgment of the trial court should be reversed and the cause remanded for further proceedings, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER and CATRON, JJ., concur.