(130 So. 72)

## WOCO–PEP CO. OF MONTGOMERY v. TOWN OF WETUMPKA.

5 Div. 65.

Supreme Court of Alabama.

June 14, 1930.

Rehearing Denied Oct. 9, 1930.

Arthur B. Chilton, of Montgomery, and Tate & Reneau, of Wetumpka, for appellant.

Holley, Milner & Holley, of Wetumpka, for appellee.

BOULDIN, J.

The sole question presented in this cause is whether a municipality may lawfully enact an ordinance under Code, § 2154, prescribing a license schedule running from year to year until modified or repealed, or whether the operation of such ordinance is limited by law to one year.

This section is a continuation of section 2153. The pertinent provisions of the two sections read: "Municipal corporations shall also have the following powers: * * * To license any exhibition, trade, business, vocation, occupation, or profession not prohibited by the constitution or laws of the state, which may be engaged in or carried on in the city or town; to fix the amount of licenses, the time for which they are to run not exceeding one year, and provide a penalty for doing business without a license." Sections 2153, 2154, Code of 1928.

The clause "not exceeding one year" obviously refers to the term of the license. Good reason for this is in the prevention of any drawing upon the revenues of succeeding years, tending to prevent waste and the depletion of revenues for future years during which the business taxed is being operated.

Neither of these sections makes reference to "ordinance" nor "ordinances" as a possible antecedent to this clause. These sections confer, define, and limit the powers of the municipality in relation to such taxes, and so determine the scope of ordinances enacted thereunder, but the duration of same is not mentioned. The general power to adopt ordinances is conferred by Code, § 1992.

Appellant conceives that its contention is supported by Code, §§ 2157, 2158, and kindred sections. These sections fix the "maximum" amount which a municipality may "annually assess and collect" from railroads, express companies, etc. These sections operate to limit the amounts which may be "levied" by ordinance in such cases, but we see no reason to construe them as calling for a new ordinance each year.

We find nothing showing a legislative intent that privilege tax ordinances must be re-enacted each year.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ. concur.