24 P.(2d) 282

## STATE v. HAMM.
### No. 3901.

Supreme Court of New Mexico.
July 31, 1933.

Frank H. Patton, Asst. Atty. Gen., and T. J. Mabry, Dist. Atty., of Albuquerque, for the State.

George R. Craig, of Albuquerque, for appellee.

HUDSPETH, Justice. .

An information was filed against the defendant, E. E. Hamm, charging him with the sale and possession for sale of intoxicating liquor, to wit, beer containing more than one-half of 1 per cent. of alcohol by volume. Defendant filed a motion to quash the information. The cause was heard upon the motion to quash and upon a stipulation admitting the sale and possession for sale of beer containing more than one-half of 1 per cent., but not more than 3.2 per cent. of alcohol. The motion was sustained, this appeal granted, and the defendant recognized to await the decision of this court. .

Appellee maintains that the Laws of New Mexico 1927, c. 89, and Laws of 1929, c. 37, are unconstitutional in so far as they attempt to regulate the sale of beer containing not more than 3.2 per centum of alcohol, because the titles of said acts refer to "intoxicating liquors," and not to nonintoxicating beverages.

For purposes of discussion of this contention, let us assume that beer of the alcoholic content of 3.2 per centum by volume is not in fact intoxicating.

Section 16 of article 4 of the New Mexico Constitution provides: "The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws."

This section of our Constitution has been under consideration many times. State v. Ingalls, 18 N. M. 211, 135 P. 1177; Burch et al. v. Ortiz, 31 N. M. 429, 246 P. 908; State v. Miller, 33 N. M. 200, 263 P. 510, 511; State ex rel. Taylor v. Mirabal, 33 N. M. 553, 273 P. 928; State v. Grissom, 35 N. M. 323, 298 P. 666; State v. Gomez, 34 N. M. 250, 280 P. 251. In State v. Gomez, supra, Mr. Justice Simms said: "To the legislative branch of our government is committed the draft of statutes. Courts should be slow to interfere by pronouncing the work of the Legislature insufficient. It often happens that one person would entitle the same act in a different way from another. To some minds, the title of an act should be so definite and nice in its definitions and distinctions as to be an index of the act itself; to others, this is unnecessary, and a more general and sweeping treatment of the subject is all that is required. We can all agree, however, on the soundness of the constitutional inhibition against surprises, concealed or 'joker' provisions in bills which might deceive both the lawmakers and the general public."

If our Constitution required that the title be an index of the statute, the titles of these acts should have read "intoxicating liquors

and beverages containing alcohol but non-intoxicating in fact." Such particularity is not, however, demanded by the Constitution. All the provisions of the acts here in question are germane to one general subject, i. e., beverages containing alcohol, and no one is deceived by the titles. We therefore hold that the statutes attacked do not violate section 16 of article 4 of the New Mexico Constitution.

█ We come now to the question of the power of the Legislature to prohibit the sale of beer containing not more than 3.2 per cent. of alcohol.

In commenting upon the constitutional and statutory provisions relative to the question of alcoholic beverages, the trial court said: "The state constitutional provision is, of course, not to be taken literally but as forbidding the sale of intoxicating liquors. The Legislature of New Mexico has defined 'intoxicating liquor' as a beverage containing more than one-half of one per cent. of alcohol. The president of the United States and the Congress of the United States have determined that beer like that sold by this defendant is not in fact intoxicating, and this court concurs in that view. But it is contended by the State the defendant must nevertheless be convicted of the offense of selling intoxicating liquor because the Legislature has defined the term 'intoxicating liquor' to cover the beer he sold. This Legislative definition, it is claimed, is binding upon the Court and must be accepted by the Court whether it is true or not."

The constitutional provision referred to, article 23, reads as follows: "Section 1. From and after the first day of October, A. D. nineteen hundred and eighteen, no person, association or corporation, shall, within this state, manufacture for sale, barter or gift, any ardent spirits, ale, beer, alcohol, wine or liquor of any kind whatsoever containing alcohol; and no person, association, or corporation shall import into this state any of such liquors or beverages for sale, barter or gift; and no person, association or corporation, shall, within this state, sell, or barter, or keep for sale or barter any of such liquors or beverages, or offer any of such liquors or beverages for sale, barter or trade; provided, nothing in this section shall be held to apply to denatured or wood alcohol, or grain alcohol when intended and used for medicinal, mechanical or scientific purposes only, or to wine, when intended and used for sacramental purposes only."

This article clearly prohibits the sale or keeping for sale of "beer * * * containing alcohol." As was brought out in the congressional hearings held for the purpose of considering the recent federal act authorizing the sale of beer (27 USCA § 64a et seq.), much of the beer sold prior to the adoption of the constitutional amendment contained no more alcohol than the beer involved in this case. It can hardly be said that such beer was by the framers of article 23 of the state Constitution not intended to be included within the scope of the term "beer" as used in that article. The people of New Mexico adopted this prohibition amendment, prohib-

iting the sale of beer containing alcohol, without reference to its intoxicating qualities. The language is plain; its meaning unmistakable.

The Supreme Court in Purity Extract & Tonic Co. v. Lynch, 226 U. S. 192, 33 S. Ct. 44, 47, 57 L. Ed. 184, the opinion in which was written by the present Chief Justice of the United States Supreme Court, held that in aid of prohibition enforcement the sale of all malt liquors might be prohibited by the Legislature. The court said: "It was competent for the legislature of Mississippi to recognize the difficulties besetting the administration of laws aimed at the prevention of traffic in intoxicants. It prohibited, among other things, the sale of 'malt liquors.' In thus dealing with a class of beverages which, in general, are regarded as intoxicating, it was not bound to resort to a discrimination with respect to ingredients and processes of manufacture which, in the endeavor to eliminate innocuous beverages from the condemnation, would facilitate subterfuges and frauds and fetter the enforcement of the law."

■ It is suggested by appellee that the second section of article 23, which provides for a penalty for violation of section 1, above quoted, "until otherwise provided by law," is no longer in force—since the Legislature has enacted laws on the subject. In the next breath he contends that the statutes are ineffective. We hold otherwise, but, if they were not effective, the constitutional penalties might be invoked for a violation of section 1 of article 23. This article (except that it did not prohibit the importation and keeping of liquor for one's own use) is more stringent than the National Prohibition Amendment. That the people of New Mexico may adopt a more stringent policy than that of the national government in regard to the enforcement of prohibition if they so desire cannot be denied. State v. Armstrong, 31 N. M. 220, at page 274, 243 P. 333, at page 354; Hixson v. Oakes, 265 U. S. 254, 44 S. Ct. 514, 68 L. Ed. 1005. See, also, the opinion of Mr. Justice Brandeis in Vigliotti v. Pennsylvania, 258 U. S. 403, 42 S. Ct. 330, 66 L. Ed. 686. In that case it was held:

"State legislation which prohibits every sale of spirituous liquors without a license, the law applying however small the percentage of alcohol, and although the liquor may not be intoxicating, and although it may be sold only for industrial purposes, was not superseded by the adoption of the Eighteenth Amendment to the Federal Constitution, and the enactment of the Volstead Act of October 28, 1919 [27 USCA], to enforce that amendment."

■ That the sale of beer containing not more than 3.2 per cent. of alcohol is permissible under the federal statute does not absolve the defendant of criminal liability under the Constitution and statutes of this state. The ruling of the trial court quashing the information filed against the defendant will be reversed, and the cause remanded for further appropriate proceedings. It is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.