[Crim. No. 3290.   Second Appellate District.—March 14, 1940.]

THE PEOPLE, Respondent, v. THOMAS E. GILPIN et al., Defendants; AMIL S. WELLER, Appellant.

R. H. Smith and P. V. Davis for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty of robbery in the first degree after trial before the court without a jury appellant appeals.

Viewing the evidence most favorable to the people, the essential facts are:

February 21, 1939, the complaining witness while in his liquor store at 3415 West Eighth Street, Los Angeles, was robbed of $35 by appellant and another masked man.

Appellant relies for reversal of the judgment upon these propositions:

*First: There was no proof of the corpus delicti.*

*Second: There was no substantial evidence to show appellant's participation in the crime.*

*Third: The trial court committed prejudicial error in instructing a codefendant, when called to the witness stand by appellant, of his constitutional right to refuse to testify on the ground that it might tend to incriminate him.*

The first proposition is without merit. The complaining witness, Harry Kaplin, testified that on the night of February 21, 1939, at about midnight, two masked men entered his store, located at 3415 West Eighth Street, Los Angeles, and while one pointed a gun at him the other went to the cash register in the store and took $35 from it, after which both men left.

Robbery is the felonious taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear, and when done by a person armed with a deadly weapon is robbery in the first degree. (Secs. 211 and 211a, Pen. Code.) We fail to see wherein there could be clearer evidence of the *corpus delicti* of the crime of robbery in the first degree than in the instant case.

The second proposition is likewise devoid of merit. Police Officer Tetrick testified that appellant freely and voluntarily, without hope of immunity or promise of reward,

confessed to him that he and his codefendant Gilpin had robbed a liquor store. Officer Tetrick took appellant in an automobile and drove out West Eighth Street in the city of Los Angeles. Appellant picked out the complaining witness' store as the one which they had robbed. This evidence clearly identified appellant as a participant in the crime.

The third proposition is also untenable. At the time of the trial appellant's codefendant was called to the witness stand and the trial judge explained to him in detail that any testimony which he gave might be used to convict him of the charges which were then pending against him, and advised said defendant of his constitutional rights to refrain from giving testimony that might tend to incriminate him. The trial judge's statement is a recitation of the constitutional guaranty afforded by the Constitution of the State of California, and certainly error may not be predicated upon the trial judge's advising a defendant of his rights.

The unsworn statement of Thomas E. Gilpin, which was not received in the trial court and appears for the first time in appellant's opening brief, cannot be considered by us for any purpose.

For the foregoing reasons the judgment is affirmed

Moore, P. J., and Wood, J., concurred.