234 P.2d 358

**STATE v. ARAGON et al.**

No. 5278.

Supreme Court of New Mexico.

June 30, 1951.

See also 55 N.M. 421, 234 P.2d 356.

Howard F. Houk, Sp. Asst. Atty. Gen., for appellant.

Noble & Spiess, Las Vegas, for Louisa R. Galindre.

McGHEE, Justice.

This is an appeal by the State from orders of the District Court of San Miguel county wherein District Judge Luis E. Armijo, in the case against Louisa R. Galindre, and District Judge Edwin L. Swope, in the case against Melaquias Aragon, sustained motions filed by the defendants to quash indictments against them wherein it was charged in eleven counts that while acting as clerk and chairman, respectively, of the Board of Education of the Town of Las Vegas, they made and caused to be made payments of public money of said board to various persons therein named for personal services purportedly rendered

said Board of Education, when, in fact, the personal services for which payment was made had not been rendered by the party paid.

The indictments were based on Sec. 1 of Chapter 71, Laws of 1945, Sec. 41–812, N. M.S.A. 1941 Comp. The material part of the act, including its title, reads as follows:

"An Act Making It a Felony to Receive Payment from Public Money Purportedly for Personal Services Where Such Services Have Not Been Rendered; Providing Penalties for the Commission of Said Felony by Receipt of or Disbursement of Such Payments; and Providing for Injunctive Relief in Suits to Restrain Such Payment.

\* \* \* \* \* \*

"Section 1. Except in the case of payments covering lawful vacation periods and absences from employment because of sickness, any person who receives payment, or any person who makes payment or causes payment to be made from public money wages, salary, or other return for personal services and where such personal services where such payment purports to be for have not in fact been rendered, shall be guilty of a felony and shall be punished by a fine of not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00) or by imprisonment for not less than one year nor more than two years, or by both such fine and imprisonment."

Practically identical motions to quash were filed by the defendants. We quote the part on which the orders quashing the indictments were based:

"1. That the indictment herein purports to charge the defendant, Louisa R. Galindre, as Clerk of the Board of Education of the Town of Las Vegas, New Mexico, with having issued warrants to certain persons for personal services purportedly rendered said Board of Education when said personal services were not rendered, contrary to the provisions of Chapter 71, Laws of 1945.

"(a) That Chapter 41, Laws of 1945 violates Section 16 of Article 16 of the Constitution of New Mexico.

"(b) That the title of Chapter 71, Laws of 1945 fails to clearly express the subject matter of the act.

"(c) That the title of Chapter 71, Laws of 1945 fails to show that the issuance of a warrant by a public officer is embraced in the act as a felony.

"(d) That there is no valid act of the State of New Mexico under which said indictment could be brought as against this Defendant."

Like orders were entered as to each motion. We quote the material part: "\* \* \* the Court \* \* \* sustains the said Motion

to Quash for the reason that Chapter 71 of the Session Laws of 1945 violates Section 16, Article 4 of the Constitution of the State of New Mexico in that the title of said Chapter 71 of the Session Laws of 1945 fails to state or say that the making of payments or causing payments to be made from public money where such payment purports to be for wages, salaries or other return for personal services and where such personal services have not in fact been rendered is not embraced in the title of the Act and made a felony by the same, * * *"

The part of Article 4, Section 16, of the New Mexico Constitution material to the question under consideration reads: "The subject of every bill shall be clearly expressed in its title, * * *."

▪ This court has had many cases before it involving this constitutional provision, the latest being Crosthwait v. White, 55 N.M. 71, 226 P.2d 477, where we reviewed our two leading cases on the subject, State v. Ingalls, 18 N.M. 211, 135 P. 1177, and State v. Gomez, 34 N.M. 250, 280 P. 251. In State v. Ingalls, supra, we said:

"The aim and necessity of this constitutional provision is apparent. The reason for its existence is a matter of history in nearly all our states. Its purposes, as outlined by Mr. Cooley, are: *First,* to prevent hodgepodge or 'logrolling' legislation; *second,* to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, *third,* to fairly apprise the people of the subjects of legislation, in order that they may have opportunity of being heard thereon. Cooley's Const.Lim. (7th Ed.) 205.

 * * * * * *

" * * * In our opinion, the true test of the validity of a statute under this constitutional provision is: Does the title fairly give such reasonable notice of the subject-matter of the statute itself as to prevent the mischief intended to be guarded against? If so, the act should be sustained. The reason of the rule not applying to such cases, the rule itself does not apply." [18 N.Mex. 211, 135 P. 1178.]

Measured by this yardstick the question is presented whether the title to the act quoted supra is sufficient to give notice that the body of the act makes payment of public funds, or causing them to be paid, to one who has not rendered services therefor an offense. It must be conceded that the part of the title ending with the first semi-colon gives no such notice, as the offense there denounced is the receiving of such money without rendering services therefor. The second portion of the title reads: " * * * Providing Penalties for the Commission of said Felony by Receipt of or Disbursement of such Payments; * * *."

Only the appellee Galindre has filed a brief here, and she strongly urges she only approved the payroll and signed the warrant as Secretary, and as the word "disbursement" means to pay out, only the officer who actually pays the money (in this case, the county treasurer) could be prosecuted under the act, if we hold the word gives sufficient notice that the actual paying out of money to one who has not performed services is there denounced as a crime. She quotes the following from Webster's Twentieth Century Dictionary:

"Disbursement. The act of paying out, as money from a public or private chest."

"Disburser. One who pays out or disburses money."

"Disburse. To pay out, as money; to spend or lay out; to expend."

No one can dispute these are the precise dictionary definitions, but how has the legislature of New Mexico construed the word "disburse" and used it in our statutes? A few hours of research has disclosed the following statutes in which the word has been used to cover the approval of accounts to be paid from public funds. In other words, the legislature has repeatedly treated the approval of bills and vouchers and the issuance of warrants as a disbursement of public funds.

In the following instances moneys are actually paid out by the state, county or municipal treasurer; yet the various boards or officers are required to make a report of their "disbursements" and their acts in initiating payments, such as the approval of accounts, signing of vouchers and issuance of warrants, which culminate in actual payment by the appropriate official are referred to as "disbursements" of public funds.

"All county and precinct officers shall make and file with the county clerks of their respective counties, monthly on or before the first Monday of each month statements showing in detail the amounts of all public moneys received, collected or disbursed by them, which said statement shall be verified * * *." Sec. 10–509, N.M. S.A.1941 Comp. Originally enacted so far as the "received, collected or disbursed" is concerned, as sec. 12, ch. 60, Laws 1897, and amended by Laws 1939, ch. 132, sec. 1.

"All disbursements of moneys, including salaries, by the state game commission shall be by warrant of the state auditor, supported by itemized voucher, certified to be correct by the state game warden, and shall be paid out of moneys in the game protection fund. * * *" Sec. 43–109, N.M.S.A. 1941 Comp.Laws 1931, ch. 117, sec. 6.

"The board of regents of the Museum of New Mexico * * * shall make annually on or before the fifteenth day of January to the governor of New Mexico a detailed report of all of its acts, transactions, re-

ceipts and disbursements for the calendar year * * *." Sec. 3-909, N.M.S.A. 1941 Comp.Laws 1909, ch. 4, sec. 9, as amended.

"It shall be unlawful for the board of county commissioners, the county clerk, or any other county official authorized to make purchases to disburse, expend or obligate any sum in excess of fifty (50) per centum of the approved budget for the fiscal year during which the terms of office of any such official will expire; * * *." Sec. 7-602, N.M.S.A.1941 Comp.Laws 1941, ch. 190, sec. 1.

"It shall be unlawful for county boards of education, or clerks of county boards of education to disburse, expend or contract for expenditures in excess of fifty (50) per centum of the approved fiscal year budget during any fiscal year in which the term of office of the county school superintendent expires; * * *." Sec. 7-603, N.M.S.A.1941 Comp.Laws 1941, ch. 190, sec. 2.

"It shall be unlawful for the governing board or council of any city, town or village in the state of New Mexico to disburse, expend or contract for the expenditure of more than the proportionate share of the fiscal year budget during any fiscal year in which the terms of office of such officials will expire, * * *." Sec. 7-604, N.M.S.A.1941 Comp.Laws 1941, ch. 190, sec. 3.

Similarly, provision is made for the following boards of examiners (Dental, Medical, Nurses, Optometry) to make reports of their "disbursements", although in every case the secretary-treasurer of the respective boards makes actual physical payment of the moneys.

" * * * and said board (State Board of Dental Examiners) shall make an annual report of its proceedings to the governor * * * showing all moneys received and disbursed by it pursuant to this act, * * *." Sec. 51-406, N.M.S.A. 1941 Comp.Laws 1919, ch. 35, sec. 7, as amended.

" * * * The secretary of the board (State Board of Medical Examiners) shall report the doings and proceedings of said board, together with the amount of all moneys by it received and disbursed and on what account, with items, * * * to the governor of New Mexico." Sec. 51-503, N.M.S.A.1941 Comp.Laws 1923, ch. 44, sec. 10, as amended.

" * * * The president and secretary (of the Board of Nurse Examiners) shall make a biennial report to the governor immediately preceding the convening of the legislature, together with a statement of the receipts and disbursements of said board." Sec. 51-603, N.M.S.A.1941 Comp. Laws 1937, ch. 200, sec. 3.

"The board (State Board of Examiners in Optometry) shall keep an accurate rec-

ord of all its meetings and of all receipts and disbursements; * * *. At the close of the fiscal year * * * the secretary shall make an annual report to the governor which report shall contain an account of all money received and disbursed by the board pursuant to this act. * * *" Sec. 51–705(d), N.M.S.A.1941 Comp.Laws 1929, ch. 62, sec. 5, as amended.

 In Burch v. Ortiz, 31 N.M. 427, 246 P. 908, and State v. Grissom, 35 N.M. 323, 298 P. 666, we accepted the meaning of words as expressed by the legislature rather than their precise definition.

Accepting this legislative definition of long standing of "disburse", we are of the opinion the title in this case fairly meets the test set out above, and gives sufficient notice to one reading it that in the act they could expect to find a provision denouncing as a felony the paying out of public funds, or causing them to be paid out. Appellee Galindre strongly relies on State v. Candelaria, 28 N.M. 573, 215 P. 816, but we do not deem the holding in that case controlling here.

As the other matters set out in the motion to quash were not ruled on by the trial judges, and we do not have a cross appeal, we decline the request of appellee Galindre that we pass upon them.

For the reasons stated, the judgments will be reversed and the cause remanded to the District Court to vacate the orders quashing the indictments and to proceed in accordance with the views herein expressed, and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.