398 P.2d 982

Onofre GALLEGOS, Administrator of the Estate of Arturo Gallegos, Deceased, Plaintiff-Appellant,

v.

Thelston WALLACE and Tony Frank Martinez, Defendants-Appellees.

No. 7342.

Supreme Court of New Mexico.

Oct. 5, 1964.

Rehearing Denied Feb. 19, 1965.

Standley, Kegel & Campos, Santa Fe, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellees. McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, joined with appellees in support of motion for rehearing.

Tansey, Wood, Rosebrough & Roberts, Farmington, Hinkle, Bondurant & Christy, Atwood & Malone, Roswell, amici curiae in support of motion for rehearing.

NOBLE, Justice.

The principal question on this appeal is whether the New Mexico Guest Statute, § 64–24–1, N.M.S.A.1953 (Ch. 15, Laws 1935) constitutionally limits the liability of a non-owner driver of a motor vehicle.

Action was brought by the personal representative of Arturo Gallegos against both Thelston Wallace, owner of the automobile, and Tony Frank Martinez, its alleged driver, for the wrongful death of Arturo Gallegos resulting from an automobile accident. It was alleged that Gallegos and Martinez rode with Wallace in the Wallace car from Chama to Tierra Amarilla as guests without payment for such transportation, and that Martinez drove the car back toward Chama turning it over and killing Arturo Gallegos. The complaint charges ordinary negligence as well as gross, reckless and heedless disregard of the rights of others. This appeal is from a summary judgment dismissing the complaint.

Constitutionality of § 64–24–1, N.M.S.A. 1953 (Ch. 15, Laws 1935) is challenged insofar as it purports to deny a guest recovery for injuries caused by the ordinary negligence of a driver who is not the owner of the vehicle. The specific challenge is that a non-owner driver is a subject of the legislation not expressed in the title of the act, and thus contravenes § 16, Art. IV of the New Mexico Constitution, the pertinent portion of which provides:

"The subject of every bill shall be clearly expressed in its title, * * * but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. * * *"

The title of the so-called guest statute is:

"An act releasing owners of motor vehicles from responsibility for injuries to passengers therein[,]"

and the body of the statute reads:

"No person transported by the owner *or operator* of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner *or operator* for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner *or operator* or caused by his heedlessness or his reckless disregard of the rights of others." (Emphasis added.)

■■■■ We have consistently adopted the view that every presumption is to be indulged in favor of the legality and validity of legislative acts. In addition, it must always be kept in mind that the drafting of statutes is a legislative function and that the judiciary should be slow to interfere by pronouncing the work of the legislature insufficient. State v. Gomez, 34 N.M. 250, 280 P. 251. However, this provision of our Constitution has been interpreted many

times, and the guidelines by which such questions are to be resolved are firmly established in this jurisdiction. The history of ours and similar constitutional provisions of other states was reviewed at length in State v. Armstrong, 31 N.M. 220, 243 P. 333. In Crosthwait v. White, 55 N.M. 71, 226 P.2d 477, we again reviewed State v. Ingalls, 18 N.M. 211, 135 P. 1177 and State v. Gomez, supra, said in State v. Aragon, 55 N.M. 423, 234 P.2d 358, to be our two leading cases on the true test to be applied in determining whether legislative acts offend § 16, Art. IV of the Constitution.

This court has repeatedly affirmed the principle that the title need not be an index of everything in the act itself, but need only give notice of the subject matter of the legislation and is sufficient if, applying every reasonable intendment in favor of its validity, it may be said that the subject of the legislative enactment is expressed in its title. Lewis' Sutherland Stat. Const. (2d Ed.) § 121; State v. Armstrong, supra; State v. Ingalls, supra; State v. Gomez, supra; State v. Aragon, supra; Ballew v. Denson, 63 N.M. 370, 320 P.2d 382; State ex rel. Salazar v. Humble Oil & Refining Co., 55 N.M. 395, 234 P.2d 339; Johnson v. Greiner, 44 N.M. 230, 101 P.2d 183; State v. Hamm, 37 N.M. 437, 24 P.2d 282; State ex rel. Taylor v. Mirabal, 33 N.M. 553, 273 P. 928, 62 A.L.R. 296; State v. Miller, 33 N.M. 200, 263 P. 510; State v. Candelaria, 28 N.M. 573, 215 P. 816.

Appellant urges, however, that the title of this statute is a narrow one restricting the subject of the legislation to *owners* of motor vehicles and precluding the body of the act from embracing a non-owner driver within its purview. Notwithstanding the presumption of its validity, we must agree that the restrictive title in this instance prevents the release of non-owner drivers from responsibility for their ordinary negligence resulting in injury to a guest. State ex rel. Salazar v. Humble Oil & Refining Co., supra, is controlling and requires a determination that insofar as the guest statute includes a non-owner driver, it contravenes § 16, Art. IV of the Constitution. In Humble, we quoted with approval from Taylor v. Frohmiller, 52 Ariz. 211, 79 P.2d 961, 964, where it was said:

"The title of the act plays a very important part therein for without some title there can be no valid legislation. The scope of the title is within the discretion of the legislature; it may be made broad and comprehensive, and in this case the legislation under such title may be equally broad; or, the legislature, if it so desires, may make the title narrow and restricted in its nature, and in such case the body of the act must likewise be narrow and restricted. As was said by Justice Cooley, in his monumental work on Constitutional Limitations, 7th Ed. page 212:

" 'As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power. The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation. It is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so.' "

Examining the title of the guest statute in the light of these well-established principles, it will be noted that this title is not phrased in broad or comprehensive terms, but restricts its application to *owners* of motor vehicles, and that the body of the act itself goes further than the title and includes non-owner drivers of such vehicles. We think the natural conclusion to be drawn from a logical reading of this title would be that the legislation affected only the *owner* of a vehicle and that its scope was restricted to such *owners*.

The legislature could have phrased the title in general terms so as to include non-owner drivers and such title would have been sufficient, but in this instance it was limited to *owners*. Under the rules by which we are governed in construing the constitutionality of such legislation the body of the act may contain only matter which is germane to the subject matter expressed in the title. We think a non-owner driver is clearly not germane to the subject matter expressly limited to the *owner* of the vehicle and that the statute, insofar as it limits the responsibility of non-owner drivers, contravenes the restriction of § 16, Art. IV of the New Mexico Constitution. It is fundamental that courts only interpret legislation but may not enlarge the scope of its title. Cooley, Constitutional Limitations, 7th Ed., page 212. Whether the responsibility of non-owner drivers is to be limited in the same manner as *owners* is a matter entirely within the discretion of the legislature by an act, the title of which is broad enough to include such drivers.

We think State v. Hamm, supra, is distinguishable upon its facts and, although the Supreme Court of Washington in Shea v. Olson, 185 Wash. 143, 53 P.2d 615, 111 A. L.R. 998, reached a different conclusion as to a title to that state's guest statute, identical with our own, we decline to follow the reasoning of the Washington court partly because of the construction placed upon the constitutional restriction by this court in prior decisions supra, and partly because in our opinion Cory v. Nethery, 19 Wash.2d

326, 142 P.2d 488 and Swedish Hospital of Seattle v. Dept. of Labor & Industries, 26 Wash.2d 819, 176 P.2d 429, which followed Shea, cast doubt upon the reasoning by which the result in Shea was reached and are in line with our own decisions.

A second question presented is whether the trial court properly granted summary judgment under Rule 56, thereby depriving plaintiff of a trial of his action for the alleged wrongful death of Arturo Gallegos. The determination of such question depends on whether there is a slightest doubt as to the facts. Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Ginn v. MacAluso, 62 N.M. 375, 310 P.2d 1034; Ballard v. Markey, 66 N.M. 265, 346 P.2d 1045; Hewitt-Robins, Inc., Robins Conveyors Division v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795.

The pleadings and affidavits in support of and in opposition to a motion for summary judgment, together with pre-trial depositions, are to be considered in determining whether genuine issues of fact exist which require a trial. Our conclusion as to the construction of the guest statute requires the application of one set of legal principles to the facts if it should be determined that Martinez was the driver when the accident occurred, and different legal principles if Wallace was the driver.

The record discloses evidence of statements by Martinez inconsistent with his deposition on the issue of whether he or Wallace was driving at the time of the accident. Some inconsistencies appear between statements by Wallace, closely following the accident and his later deposition. These inconsistencies bring into question the credibility of the defendants as to who was driving; whether if Martinez was the driver the injury was caused by his ordinary negligence; and whether if Wallace was the driver it was caused by his heedless and reckless disregard for the rights of others.

The affidavits and depositions in this case are insufficient in and of themselves to establish that no genuine issue of fact remains to be determined. Moreover, the general rule is that courts should not resolve a genuine issue of credibility at a hearing on the motion for summary judgment, at least in the absence of a showing that the witnesses, whose credibility is in question, cannot be produced at the trial. We do not mean to say that every inconsistency in affidavits, statements or depositions of parties or witnesses prevents a determination of these issues upon the motion. Without quoting either from the text or the many decisions cited therein, we refer to 6 Moore's, Federal Practice, 2nd Ed., § 56.15(4), for a detailed discussion of the question and the citation of numerous decisions discussing the rule and the various facets of its applicability.

We think that summary judgment was improper under the circumstances here present.

It follows that the case must be reversed and the cause remanded with instructions to vacate the judgment and proceed in a manner not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.