442 P.2d 572

**SUNSET PACKAGE STORE, INC., E. L. Dunagan, d/b/a Shade Western Lounge and Package Store, Murle Cox, d/b/a the Sands, Edward L. Green, d/b/a Rex Bar and Mint Bar, Imogene Whitfield Trussell, d/b/a Owl Package Store, Jake Hollen, d/b/a Hi-Way Package Store, Canal Liquor Store, Inc., Jack Kasem, d/b/a Melody Club, Jerry Grotewold, d/b/a Jerry's Package Store, Clarence E. Small, d/b/a Downtown Club, and Crawford-Carlsbad, Inc., Plaintiffs-Appellees,**

v.

**CITY OF CARLSBAD, a Municipal Corporation, Defendant-Appellant.**

No. 8556.

Supreme Court of New Mexico.

June 17, 1968.

Stephen L. ReVeal, Carlsbad, for appellant.

Frank M. Mims, Albuquerque, amicus curiae.

Lon P. Watkins, C. N. Morris, Carlsbad, for appellees.

## OPINION

COMPTON, Justice.

This is an appeal from a summary judgment. The complaint alleged that the defendant had failed to pass an ordinance imposing a lawful license tax for the tax period beginning July 1, 1967, in accordance with the provisions of § 46–4–2, N.M.S.A. 1953. The defendant answered and, upon consideration of appellees' motion, the pleadings and the deposition of the Mayor of the City of Carlsbad, the court granted summary judgment, and the city has appealed.

Ordinance No. 298, upon which the city relies, was enacted in 1945, the pertinent provisions of which read:

### "ARTICLE III.

#### License Tax

"SECTION 1. That there is hereby imposed an annual license tax upon retailers, dispensers, and clubs selling, possessing for the purpose of sale, or offering for sale, alcoholic liquors within the City of Carlsbad, New Mexico.

"SECTION 2. That the amount of said license tax is as follows:

For retailers ..............$2,000.00
For dispensers ............$2,000.00
For clubs ..................$175.00

"SECTION 3. The license tax period shall begin July 1st of each year and

end June 30th of the following year, * * *"

The ordinance was enacted pursuant to authority vested by § 46–4–2, supra, which in part reads:

"Municipalities within or composing local option districts are hereby empowered, by duly adopted ordinance, to impose an annual, nonprohibitive municipal license tax upon the privileges of persons holding state licenses under the provisions of this act to operate within such municipalities as retailers, dispensers or clubs. The amount of such license tax and the dates and manner of the payment thereof shall be fixed on or before the first day of June of each year by the ordinance imposing the same. * * *"

The narrow point on appeal is whether the ordinance, thus enacted, imposed a valid license tax for the tax period beginning July 1, 1967. Admittedly, it had never been modified since its enactment. Appellant contends that the ordinance remains in effect until it is amended or repealed. Appellees contend that the statute requires the enactment of a license tax ordinance annually in order to have a valid imposition of the tax. The trial court sustained appellees' contention and granted their motion for summary judgment.

■ We find the statute free of ambiguity; hence, it must be given its literal meaning. Weiser v. Albuquerque Oil and Gasoline Company, 64 N.M. 137, 325 P.2d 720. Noticeably, the statute empowers municipalities by ordinance to impose an annual license tax upon the *privilege* of persons holding state licenses to operate within a municipality as retailers, dispensers or clubs. It also requires municipalities to fix the amount of such tax, the date and manner of payment on or before the first day of June of each year as required "by the ordinance imposing the same." Appellees would have us construe the term "by the ordinance imposing the same" to mean that a new ordinance annually fixing the amount, the date and

manner of payment of such tax for subsequent tax periods is essential to a valid imposition of a license tax. We do not so construe the term. The ordinance passed in 1945 imposed the license tax, fixed the amount, the date and the manner of payment. Had the term "to impose an annual" license tax appearing in the statute read "to impose *annually*" a license tax, and had the term "by the ordinance imposing the same" read "by *an* ordinance imposing the same," possibly appellees' position would rest on a more tenable ground, but the statute does not read that way.

■ We conclude that the tax imposed by the ordinance is a privilege tax imposed on a certain class of persons for the privilege of carrying on businesses for which a license is required. See American Nat. Bldg. & Loan Ass'n v. City of Baltimore, 245 Md. 23, 224 A.2d 883; Fischer v. City of Pittsburgh, 178 Pa.Super. 16, 112 A.2d 814. Also see 5 McQuillin, 3d Ed., Municipal Corporations, § 15.42. The amount, the date and manner of payment thus fixed by the ordinance remain from year to year until such time the ordinance is modified or repealed by an ordinance of the legislative body enacting the same. See Woco-Pep Co. of Montgomery v. Town of Wetumpka, 221 Ala. 565, 130 So. 72; People ex rel. Conlon v. Mount, 186 Ill. 560, 58 N.E. 360.

■■ Appellees challenge the constitutionality of the statute and the ordinance as an abridgment of due process and the equal protection clause of Art. 2, § 18 and Art. 8, § 1, New Mexico Constitution and the 14th Amendment to the United States Constitution. In support of their position they argue that had evidence been presented it would have shown a gross disparity of annual income between the various retailers, dispensers and clubs operating within the municipality. The claim of unconstitutionality must be rejected. Having concluded that the tax involved is a privilege tax, appellees' argument must fail, for, as such, it is in the nature of a non-property tax to which Art. 8, § 1, is not applicable.

See Flynn, Welch & Yates v. State Tax Commission, 38 N.M. 131, 28 P.2d 889; State v. Gomez, 34 N.M. 250, 280 P. 251; and Annot., 103 A.L.R. 18, at 28–9. Further, it should be noted that reasonable classifications allowing the imposition of such taxes by the legislature does not deny equal protection or due process. Edmunds v. Bureau of Revenue of New Mexico, 64 N.M. 454, 330 P.2d 131.

The judgment should be reversed, and it is so ordered.

MOISE and CARMODY, JJ., concur.