445 P.2d 389

EDDIE'S INFERNO, INC., a New Mexico corporation, d/b/a Eddie's Inferno, et al., Plaintiffs-Appellees and Cross-Appellants,

v.

CITY OF ALBUQUERQUE, State of New Mexico, a municipal corporation, Defendant-Appellant and Cross-Appellee.

No. 8624.

Supreme Court of New Mexico.

Sept. 23, 1968.

445 P.2d 390

The STATE of New Mexico, Plaintiff-Appellee,

v.

Rudy David VALADEZ, Defendant-Appellant.

No. 238.

Court of Appeals of New Mexico.

Sept. 13, 1968.

Frank M. Mims, Albuquerque, for appellant.

Montoya & Montoya, Joseph B. Zucht, Albuquerque, for appellees.

## OPINION

CARMODY, Justice.

The issue in this case is identical with that decided in Sunset Package Store, Inc. v. City of Carlsbad, 79 N.M. 260, 442 P.2d 572 (1968). To lay at rest appellees' paralogistic argument, we reaffirm what is implicit in Sunset Package Store, Inc. v. City of Carlsbad, supra, that § 46-4-2, N.M.S.A.1953, does not require the adoption of a new ordinance each year in order to impose a valid license tax.

The judgment is reversed and the cause remanded with instruction to the trial court to dissolve its injunction and to dismiss the complaint with prejudice.

The cross-appeal, being dependent upon the affirmance of the trial court's judgment, fails.

It is so ordered.

NOBLE and MOISE, JJ., concur.